UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LORENZO GARCIA, *et al.*,              )      3:12-cv-00599-RCJ (WGC)
                                       )
        Plaintiffs,                  )      **ORDER**
                                       )
vs.                                    )
                                       )
ELKO COUNTY JAIL, *et al.*,            )
                                       )
        Defendants.                  )
_____)

    Before the court are three motions:

    1.    Plaintiff Lorenzo Garcia's Motion/Application for Leave to Proceed *In Forma Pauperis* (Doc. # 2)[1] filed on November 13, 2012;

    2.    Garcia's Motion to Request Court Appointed Attorney (Doc. # 2-1), also filed on November 13, 2012;[2] and

    3.    Timothy LeCompte's Motion to be Added to Said "Class Action" Suit (Doc. # 3), filed on November 19, 2012.

    Plaintiff Garcia is currently incarcerated in the Elko County Jail in Elko, Nevada. (*Id.* at 1.)

## I. MOTION/APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

### A. *In Forma Pauperis* Application

    Garcia's motion/application to proceed *in forma pauperis* is neither on the proper form nor in the proper format for a prisoner seeking *in forma pauperis* ("IFP") status. Moreover, the application

---

[1] Refers to court's docket number.

[2] Although Garcia also attempts to allege a class-action civil rights claim pursuant to 42 U.S.C. section 1983, for reasons explained below, *infra* at 3, the court will treat Garcia as the only plaintiff for the purposes of this Order.

is incomplete; the statement for Garcia's institutional account is missing, and a signed financial affidavit disclosing Garcia's income, assets, expenses and liabilities is also missing. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2.

Accordingly, Garcia's Motion (Doc. # 2) is dismissed without prejudice. Garcia will be granted the opportunity to do one of the following: (1) pay the full filing fee of $350.00, or (2) file a fully completed application to proceed IFP. The court will direct the Clerk of the Court to provide Garcia with the proper IFP forms in the likely event that Garcia decides to pursue option number two.[3]

**B. Garcia's Allegations**

Contained in Garcia's IFP application are numerous allegations, which the court will construe liberally as Garcia's attempt to file a civil rights complaint under 42 U.S.C. section 1983. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Of course, any litigant seeking to proceed IFP must obtain IFP approval before filing a complaint. Here, because Garcia has not properly filed an IFP application, his proposed complaint is premature and will not be allowed to proceed as it is currently fashioned.[4]

Nevertheless, because of the rambling and somewhat incomprehensible nature of Garcia's proposed complaint, the court will provide Garcia with some guidance he may wish to consider if he desires to pursue this action and elects to proceed with a properly submitted IFP application. The Court also will direct the Clerk of the Court to provide Garcia with the proper forms to file a civil rights complaint under section 1983.[5]

First, the court advises Garcia that IFP proceedings and complaints thereunder are governed by 28 U.S.C. section 1915. *See Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citations

---

[3] The Clerk shall send printed copies of the "Application to Proceed In Forma Pauperis (Prisoner)" and "Application to Proceed In Forma Pauperis Instructions," both of which are located under the "Forms" link on the court's website. *See* U.S. District Court, District of Nevada, Forms, http://www.nvd.uscourts.gov/Forms.aspx (last visited Dec. 17, 2012).

[4] As a consequence, Timothy LeCompte's "class action" Motion (Doc. # 3) is moot and therefore denied without prejudice.

[5] The Clerk shall send a printed copy of the "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" located under the "Forms" link on the court's website. *See* U.S. District Court, District of Nevada, Forms, http://www.nvd.uscourts.gov/Forms.aspx (last visited Dec. 17, 2012).

omitted). 28 U.S.C. section 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Further, like all other civil complaints, a *pro se* civil rights complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). The court adds that although allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011), at a minimum, however, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

Second, besides naming the *City* of Elko as a defendant, Garcia fails to set forth any allegations against the entity. Each and every allegation in Garcia's Motion/Application pertains to individual officers–often insufficiently or vaguely specified–apparently at the Elko *County* Jail. Garcia is advised that if he intends to sue the *City* of Elko, he must assert specific allegations that would subject the City of Elko to municipal liability.[6] *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978) (local government entity is liable under section 1983 only if the alleged constitutional violation resulted from an official policy or custom); *accord Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). There is no *respondeat superior* liability of a governmental entity in a civil rights action brought pursuant to 42 U.S.C. section 1983. *Monell*, 436 U.S. at 691; *accord Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). In other words, merely because a governmental entity employs an individual does not subject that entity to vicarious liability for the acts of its employees.

More fundamentally, however, the court finds "Elko County Jail" lacks the capacity to be sued under Nevada law because it is not a "political subdivision" under Nevada Revised Statute 41.0305. *See*, *e.g.*, *Schneider v. Elko County Sherrif's Dept.*, 17 F.Supp.2d 1162, 1164-65 (D. Nev. 1998)

---

[6] Garcia should also be aware that the "City of Elko" is a separate and distinct entity from the "County of Elko." The "Elko County Jail" is an entity of the County of Elko, not the City of Elko.

3

(explaining a sheriff's department, unlike a Nevada county, is not a "political subdivision" under Nevada law and is therefore incapable of being sued under section 1983). In *Schneider*, U.S. District Judge Reed ruled "a judgment against a sheriff's department is a judgment against the corresponding county," and, unlike counties or other political subdivisions, no Nevada law "gives sheriff's departments the power to tax or otherwise receive and disburse funds, to enter into contracts, or to delegate power to other agencies." *Id*. at 1164 (citations omitted). This same rationale applies to the entity Garcia has sued as the Elko County Jail. In other words, the "Elko County Jail" is not a proper defendant herein.

## II. MOTION TO APPOINT COUNSEL

Garcia requests "court appointed legal representation and investigator to pursue and move forward with this action." (Doc. # 2-1 at 1.) Under 28 U.S.C. section 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Thus, the court must find both that Garcia qualifies for IFP status and that he meets the "exceptional circumstances" requirement for appointment of counsel.

As explained above, Garcia has not qualified for IFP status. Moreover, because he has not yet filed a complaint containing cognizable claims for relief, the court finds he has not met the "exceptional circumstances" requirement. It is therefore premature to appoint counsel. *See*, *e.g.*, *Jackson v. New United Motor Mfg., Inc.*, No. C-10-03906 JCS, 2010 WL 4869583, at *2 (N.D. Cal. Nov. 19, 2010) ("[I]n light of the fact that Plaintiff has not yet stated cognizable claims or established federal jurisdiction, it is premature to appoint counsel.") Garcia's motion (Doc. # 2-1) is therefore denied without prejudice.

## III. CONCLUSION

**IT IS HEREBY ORDERED** Garcia's Motion/Application for Leave to Proceed *In Forma Pauperis* (Doc. # 2) is **DISMISSED without prejudice**;

4

**IT IS FURTHER ORDERED** the Clerk **SHALL DELIVER** to Garcia printed copies of the approved forms for filing an application to proceed IFP by a prisoner," *see* note 3, *supra*, at 2, and a civil rights lawsuit under 42 U.S.C. section 1983, *see* note 5, *supra*, at 2. Garcia shall have **forty-five (45) days** to complete and return the IFP forms, as well as a statement of his institutional account, along with his formal Complaint;

**IT IS FURTHER ORDERED** Timothy LeCompte's Motion to be Added to Said "Class Action" Suit (Doc. # 3) is **DENIED** as moot; and

**IT IS FURTHER ORDERED** Garcia's Motion to Request Court Appointed Attorney (Doc. # 2-1) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

DATED:   December 17, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE